No. 16-4757

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

———————————

### UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

**v.**

### BRIAN LEE GOFFIGAN,
*Defendant/Appellant.*

———————————

**On Appeal From the United States District Court
for the Eastern District of Virginia
Norfolk Division (The Hon. Robert Doumar)**

———————————

## CORRECTED BRIEF OF THE APPELLANT
———————————

**Catherine M. Six, Esq.
Counsel for Appellant
East Coast Trial Lawyers
381 Edwin Drive
Virginia Beach, VA 22462
(757)352-2237
csix@ectlawyers.com**

## TABLE OF CONTENTS

Table of Authorities ………………………………………………………………ii

Nature of the Brief ………………………………………………………………1

Statement of Jurisdiction ..………………………………………………………2

Statement of the Issue ..…………………………………………………………2

Statement of the Case……………………………………………………………3

      The History of Charges Against Mr. Goffigan ..…………………………………3
      The Plea Agreement and Colloquy……………………………………………4
      The Presentence Report and Sentencing Hearing…………………………...8

Summary of Argument……………………………………………………………14

Standard of Review ………………………………………………………………14

Argument …………………………………………………………………………14

Conclusion ..………………………………………………………………………17

Statement Regarding Oral Argument ……………………………………………19

Certificate of Compliance ..………………………………………………………20

Certificate of Service ..……………………………………………………………21

## TABLE OF AUTHORITIES

### Cases

*Anders* v. *California,* 386 U.S. 738 (1967)……………………………....... 1, 14, 17

*United States* v. *Martinez,* 277 F.3d 517 (4th Cir. 2002)……………………….. 14

*United States* v. *Olano,* 507 U.S. 725 (1993)…………………………………… 14

*United States* v. *Vonn,* 535 U.S. 55 (2002)…………………………………… 14

### Statutes and Rules

18 U.S.C. § 3231……………………………………………………............ 2

18 U.S.C. § 3553……………………………………………………….. 8

18 U.S.C. § 3742………………………………………………………… 2, 5

21 U.S.C. § 841…………………………………………………………… 4, 5

21 U.S.C. § 851……………………………………………………..… 4

28 U.S.C. § 1291…………………………………………………............... 2

Fed. R. App. P. 4………………………………………………………….. 2

Fed. R. Crim. P. 11…………………………………………………………15,16

Fed. R. Crim. P. 32…………………………………………………..…...9, 11

Va. Code §18.2-47………………………………………………............. 10,11

Va. Code §18.2-58…………………………………………..…….…........... 10

## United States Sentencing Guidelines

U.S.S.G. § 2D1.1……………………………………………………........ 9

U.S.S.G. § 3B1.1……………………………………………………........ 9

U.S.S.G. § 3E1.1……………………………………………………........ 9

U.S.S.G. §4B1.1………………………………………………..... 3, 9, 10, 11, 12

U.S.S.G. §4B1.2…………………………………………….................. 10, 11

U.S.S.G. Chap. Five, Part A (sentencing table)………………………….... 10

U.S.S.G. § 6A1.2………………………………………………………........ 9

## Other Authorities

Federal Judicial Center, *Benchbook for U.S. District Court Judges*
    (6th ed. Mar. 2013)…………………………………………………...16

iii

No. 16-4757

———————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

BRIAN LEE GOFFIGAN,
*Defendant/Appellant*.

———————————————

On Appeal From the United States District Court
for the Eastern District of Virginia
Norfolk Division (The Hon. Robert G. Doumar)

———————————————

CORRECTED BRIEF OF THE APPELLANT

———————————————

## **NATURE OF THE BRIEF**

This brief is submitted to the Court pursuant to the holding of *Anders* v.

*California,* 386 U.S. 738 (1967). Counsel for the appellant has carefully reviewed

the record and has not found any grounds for appeal that she perceives to be

meritorious. Counsel has set forth below the only argument that she believes

presents any arguable basis for relief and the factual basis supporting the argument.

1

Should the Court, after its own review of the record, determine that briefing on additional issues is necessary, counsel stands ready to provide that briefing.

Undersigned counsel, Catherine M. Six, has advised the appellant in writing of the nature of this brief and has informed him that the Court will give him the opportunity to file his own brief, as indicated by the statement submitted separately. Ms. Six has also served a copy of this brief upon the appellant, as indicated in the certificate of service for the brief and in the statement.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. That court filed and entered the judgment of conviction and sentence on November 3, 2016. (docket entry 35). Mr. Goffigan timely filed his notice of appeal on November 17, 2016. (docket entry 38); *see* Fed. R. App. P. 4(b)(1), (b)(6). Accordingly, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

Whether Mr. Brian Goffigan knowingly and voluntarily entered his guilty plea when the district court failed to ask him important standard questions including if he understood that by pleading guilty, he waived his right to court appointed trial counsel if he could not afford such counsel.

2

## STATEMENT OF THE CASE

This appeal arises from Brian Goffigan's conviction and 200 month sentence for possession of crack cocaine with intent to distribute ("PWID"). Mr. Goffigan pled guilty to one count of a single count criminal information pursuant to a plea agreement which included a waiver of appeal.

At sentencing, the advisory guideline range was 188-235 months, with a statutory maximum of 30 years. Mr. Goffigan raised one objection to the calculation of the advisory guideline range, namely, career offender classification under section 4B1.1 of the United States Sentencing Guidelines Manual ("U.S.S.G." or "Sentencing Guidelines"). The district court overruled this objection.

The government requested a sentence of 220 months, while defense counsel requested a sentence below the advisory Guidelines of 120 months. The court sentenced Mr. Goffigan to serve 200 months in prison, followed by a mandatory minimum six (6) years of supervised release. Mr. Goffigan now appeals from this judgment.

### A.  The History of Charges Against Mr. Goffigan

On May 4, 2016, a federal grand jury returned an indictment against Mr. Goffigan which alleged that on or about September 10, 2015, he possessed with

3

intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (docket entry 14). This indictment came within 15 days of Mr. Goffigan's arrest on April 19, 2016, and his initial appearance on April 20, 2016. (docket entries 5-7).

Thereafter, on June 6, 2016, as part of a plea agreement, the government filed a single count criminal information against Mr. Goffigan which alleged that on or about September 10, 2015, he possessed with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (docket entry 20). Additionally, as part of the plea agreement, the government also filed on June 6, 2016 a notice of intent to seek enhanced penalties pursuant to 21 U.S.C. § 851. Docket entry 21; *See* 21 U.S.C. § 841(b)(1)(B),(C).

### B. The Plea Agreement and Plea Colloquy

On June 8, 2016, Mr. Goffigan entered a guilty plea to the charge contained in the criminal information pursuant to a plea agreement. The indictment was dismissed as part of the plea agreement. *See* docket entry 25; *See also* court's dismissal of counts at end of sentencing hearing.

The government further agreed to move for a one level reduction if Mr. Goffigan received a separate two-level reduction for acceptance of responsibility. Docket entry 25. This, in fact, occurred. The plea agreement contained a waiver of appeal with the following standard language employed in plea agreements in the

4

Eastern District of Virginia:

> The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the that sentence was determined) on the grounds set forth in 18 U.S.C.§ 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C.§ 841(b).

Paragraph 6, Docket entry 25.

At the plea hearing, Mr. Goffigan was placed under oath and advised that he must give true answers, his own answers, and that he could be prosecuted if he lied or perjured himself. Tr.4, Lines 8-17, June 7, 2016.  The court established that Mr. Goffigan was 37 years old; had a sixth-grade education but was able to read and write, speak the English language and understand the Court's questions; was not currently under the influence of any medication; and had not been treated for any addiction or mental illness. Tr.5, Lines 1-20, June 7, 2016.

The court reviewed with Mr. Goffigan the elements of the offense and explained what the government would have to prove at trial in order for him to be found guilty. Tr.8, Lines12-23, June 7, 2016. Additionally, the court reviewed with Mr. Goffigan the plea agreement.  When asked by the court whether he had read

5

the plea agreement and discussed everything in it with his attorney before he signed it, Mr. Goffigan answered "yes" to each question. Tr.11, Line 14 – Tr. 12, Line 8, June 7, 2016.

The court also asked if Mr. Goffigan had been promised anything beyond what was in the plea agreement, and if he had been forced to enter the agreement. Mr. Goffigan answered "no" to both questions. Tr.15, Lines 6-14, June 7, 2016.

The court also reviewed the various civil rights that Mr. Goffigan would lose as a convicted felon. Tr. 10, Lines 3-9, June 7, 2016. The court advised Mr. Goffigan that he had the right to plead not guilty and go to trial. Tr. 13, Lines 3-20, June 7, 2016.

The court also determined, in reviewing the terms of the plea agreement with Mr. Goffigan, that he understood the penalties for the charge to which he was pleading consisted of up to thirty (30) years imprisonment, a minimum of six (6) years mandatory supervised release, a fine not to exceed $2 million, a special assessment of $100.00, and forfeiture. Tr.9, Lines 3-11, Tr. 10, Lines 16-20, June 7, 2016.

Further, the court reviewed with Mr. Goffigan the appeal waiver provision contained within paragraph 6 of the plea agreement.  The court specifically advised that Mr. Goffigan was giving up his right to appeal his conviction and sentence even though he would ordinarily and without such a waiver possess the right to do

6

so and could proceed without paying any filing fees if he qualified as an indigent. Mr. Goffigan was also advised that he was waiving his right to appeal his conviction and any sentence imposed upon any ground whatsoever so long as that sentence is within the statutory maximum in this case, that maximum 30 years of imprisonment.   Goffigan answered "yes" when asked if he understood the waiver. Tr. 21, Line 12-Tr. 22, Line 1, June 7, 2016.  The court further explained in any detail how the federal sentencing guidelines work, that any estimate of the advisory guideline range The court then reviewed trial rights that Mr. Goffigan would have at a trial: that it would be a speedy, public jury trial, at which he would have assistance of counsel (the court failed, however, to advise that counsel would be appointed if Mr. Goffigan could not afford counsel). Tr.13, Line 8 - 14, June 7, 2016.

Additionally, the court explained to Mr. Goffigan that he had the right to confront and cross-examine all witnesses against him; the right not to incriminate himself; the right to testify and to present evidence at trial; that the government bore the burden of proving his guilt beyond a reasonable doubt; the right to a jury trial and that a jury's verdict must be unanimous; that the right to compel production of evidence and to subpoena witnesses (the court failed, however, to advise that the court will pay for the costs of bringing witnesses to court if Mr. Goffigan is found indigent) Tr.14, Line 7 - 18, June 7, 2016.

7

The court then began to advise and discuss with Mr. Goffigan sentencing matters. Statutory sentencing factors in 18 U.S.C. § 3553(a) were described as well as information that would be put forth in the presentence report. Tr.19, Line 6 – Tr. 20, Line 14, June 7, 2016. The court explained to Mr. Goffigan his right to make objections and that it would resolve any objections to the report before hearing argument from counsel concerning the appropriate sentence. Tr.28, Line15 – Tr.29, Line 24, June 7, 2016.

Finally, the court asked defense counsel if there was any meritorious defense to the PWID charge and whether she knew of any reason why Mr. Goffigan should not plead guilty, to which counsel stated none. Tr.23, Lines 5-9, June 7, 2016.

The court adopted the written statement of facts after ascertaining that Mr. Goffigan had read the statement, agreed with its accuracy, and signed it. Tr.26, Lines 16-17, June 7, 2016.

At the end of the colloquy, the court found that Mr. Goffigan had made a knowing, voluntary, and intelligent decision to plead guilty to Count One of the criminal information. The court also found that the plea was supported by a statement of facts that established the elements of the offense. Accordingly, the court accepted Mr. Goffigan's plea. Tr.27, Line 18- Tr.28,, Line 8 June 7, 2016.

<u>C.  The Presentence Report and Sentencing Hearing</u>

Sentencing was heard on October 31, 2016. (docket entry 28). The probation officer disclosed the initial presentence report on September 26, 2016, 35 days in advance of the sentencing hearing. (docket entry 29); *see* Fed. R. Crim. P. 32(e)(2); U.S.S.G. § 6A 1.2(a).

The probation officer calculated the base offense level for the PWID count under U.S.S.G. § 2D1.1 to be 24, (based on relevant conduct between 2013 and September 10, 2015) that the total drug weight was just over 99 grams of crack cocaine. (PSR, ¶¶ 20, 26). The officer added two points for the presence of a firearm during the offense pursuant to §2D1.1 (b)(1), two points for maintaining a premises for drug distribution pursuant to §2D1.1(b)(12), and two points for being a manager or supervisor pursuant to U.S.S.G. § 3Bl.l(a). (PSR, ¶ 30). Mr. Goffigan also received a four-level career offender classification enhancement pursuant to U.S.S.G. §4B1.1. (PSR, ¶ 33).

Because Mr. Goffigan had fully and timely accepted responsibility for the offense conduct, the officer decreased the offense level from 34 to 31 pursuant to U.S.S.G. § 3E1.1. (PSR, ¶ 30); *See* plea agreement provision that government would move for third point); (government motion);

With respect to Mr. Goffigan's criminal history, the probation officer assigned seven (7) points for the following prior sentences: 1999 domestic assault conviction (1 point); 2001 Virginia Possession of Cocaine with Intent to

9

Distribute conviction (3 points); 2002 Virginia convictions for Robbery, Abduction, Conspiracy and Use of a Firearm in the commission of a felony conviction (3 points); and 2013 Virginia Domestic Assault conviction (1 point).[1] (PSR, ¶¶ 61- 65); Because Mr. Goffigan was still under a criminal justice sentence when he committed the instant federal offense, he received an additional two criminal history points. (PSR, ¶ 66).

Mr. Goffigan's criminal history was scored as totaling 9 points, which placed him in criminal history category IV. (PSR, ¶ 67). Mr. Goffigan was found to qualify for the career offender enhancement under U.S.S.G. §4B1.2 as a result of his one prior conviction for drug trafficking offenses coupled with a single prior Virginia sentencing event wherein Mr. Goffigan was convicted of robbery and abduction. As a result, Mr. Goffigan's criminal history category was increased to VI. (PSR, ¶ 68). Based on a final offense level of 31 and a criminal history category of VI, Mr. Goffigan's advisory guideline range was 188 months to 235 months. U.S.S.G. Chap. Five, Part A (sentencing table).

In his counsel's written position, Mr. Goffigan lodged a formal objection to the application of the career offender enhancement on grounds that neither his prior robbery conviction under Virginia Code §18.2-58 nor his abduction conviction under Virginia Code §18.2-47, both contained within a single

_____

[1] While the above offenses total 8 points, Defendant was only assigned 7 points.

sentencing event, qualifies as a crime of violence for purposes of the career offender enhancement under U.S.S.G. §4B1.2.

At the sentencing hearing, the court ascertained that Mr. Goffigan had been able to review the presentence report with his counsel in accordance with Fed. R. Crim. P. 32(i)(1)(A). Tr.3, Lines 16-18, October 31, 2016. The court further advised Mr. Goffigan that he had a right to present a sworn or unsworn statement, and the right to have counsel speak for him or to present letters, writings or witnesses he believes might be helpful to the court in determining sentence. Tr.3, Lines 7-15, October 31, 2016.    The court did not verify, however, whether Mr. Goffigan was adequately prepared for sentencing or whether he was satisfied with counsel's advice.

The court then turned to the defense objection to the presentence report regarding the career offender enhancement.   The court found that Mr. Goffigan's prior Virginia robbery conviction was a crime of violence for purposes of the career offender enhancement under U.S.S.G. § 4B1.1 and accordingly overruled defendant's objection. Tr. 22, Line 17 – Tr. 23, Line 11, October 31, 2016.  The court ultimately issued a written memorandum opinion as to its ruling (docket entry 37).   The court specifically stated it was not addressing the issue of whether abduction, as defined under Virginia Code §18.2-47, was a crime of violence under

11

U.S.S.G. §4.B1.1 nor was it addressing the residual clause. (docket entry 37, p. 11).

After resolving the objections to the presentence report, the court heard argument from regarding imposition of sentence from both defense and the government. The government argued for a guidelines sentence of 220 months. The government emphasized Mr. Goffigan's criminal record and that he returned to dealing crack soon after his release on the most recent conviction. Tr.28, Lines 13-22, October 31, 2016. The government also urged the court to impose 220 months for deterrence.

In contrast, the defense argued for a sentence of 120 months. Counsel reminded the court of the challenges and limitations Mr. Goffigan faced with a difficult upbringing, a limited education, and family tragedy. Tr. 33, October 31, 2016. Counsel also asked the court to consider the sentence of Quinn Goffigan, whose culpability was much greater than that of Mr. Brian Goffigan cocaine offenses, and received 240 months. Tr. 39, October 31, 2016. With defense counsel responding to the government's request for 220 months, the court interjected, "I think 220 months is a little high myself, so that is going to save you some time." Tr. 40, line 1-2, October 31, 2016.

Upon conclusion of argument, the court heard from Mr. Goffigan directly. Mr. Goffigan apologized to the court, took responsibility for his actions, and asked

for another chance. Tr. 42, line 25 – Tr.43, line 21, October 31, 2016.

In imposing sentence, the court considered Mr. Goffigan's background, lengthy criminal record and lack of respect for the law, seriousness of the offense, the need to provide just punishment, deterrence, and protect the public. Tr. 44, lines 2-12, October 31, 2016. The court rejected defense counsel's request for a 120-month sentence as "totally inappropriate in this case." Tr. 45, lines 1-3, October 31, 2016. Instead, the court imposed a sentence of 200 months, to be followed by six years of supervised release, and payment of a $100 special assessment. Tr. 48, October 31, 2016. In imposing a 200 month sentence, the court appeared to factor into its decision reductions based on good behavior when it said,

> Realizing what the situation is in federal prisons and the fact that out of a 200-month sentence, you would serve close to 15 years, although that would be 180 months, but you'll get more than 20 months off. You'll get 30 months off, somewhere between 25 and 30 months off.

Tr. 45, lines 7-12, October 31, 2016. The court further stated that 200 months was appropriate regardless of whether guidelines were there or not. Tr. 45, lines 5-7, October 31, 2016.

During the hearing, the court neither reminded Mr. Goffigan that he had waived his right to appeal nor advised him of his right to appeal the court's decision.

13

## SUMMARY OF ARGUMENT

Pursuant to *Anders,* counsel presents the following issue for this Court's review: Whether Mr. Goffigan knowingly and voluntarily entered his guilty plea when the district court failed to ask him a number of standard questions, including if he understood that by pleading guilty, he waived his right to court appointed trial counsel if he could not afford such counsel.

## STANDARD OF REVIEW

Because no objection was raised below to the validity of Mr. Goffigan's plea and Mr. Goffigan did not seek to withdraw his plea, this Court reviews the district court's handling of the plea for plain error. *United States* v. *Vonn,* 535 U.S. 55,59-60 (2002); *United States* v. *Martinez,* 277 F.3d 517, 524 (4th Cir. 2002). Accordingly, Mr. Goffigan must demonstrate that the district court committed error that was plain and that affected his substantial rights. *United States* v. *Olano,* 507 U.S. 725, 732 (1993), *cited by Martinez,* 277 F.3d at 524. This Court may exercise its discretion to correct the errors if it finds that they "seriously affect] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

## ARGUMENT

WHERE THE DISTRICT COURT FAILED TO ASK MR. GOFFIGAN A NUMBER OF STANDARD QUESTIONS, INCLUDING IF HE UNDERSTOOD THAT BY PLEADING GUILTY, HE WAIVED HIS RIGHT TO COURT APPOINTED

14

TRIAL COUNSEL IF HE COULD NOT AFFORD SUCH COUNSEL, MR. GOFFIGAN DID NOT KNOWINGLY AND VOLUNTARILY ENTER HIS GUILTY PLEA.

Before a district court can accept a defendant's guilty plea, the court must comply with Rule 11(b)(1) by addressing the defendant in open court and ensuring that he understands the following: the nature of the charge against him; any mandatory minimum sentence; the maximum possible sentence, including imprisonment, fine, and term of supervised release; the mandatory special assessment; the applicability of the United States Sentencing Guidelines and their advisory nature; his right to plead not guilty; his right to a jury trial with the assistance of counsel; his right to confront and cross-examine witnesses; his right to present evidence and to testify on his own behalf, or not testify (i.e., his right against self-incrimination); any waiver provisions in the plea agreement; the court's authority to order restitution; any applicable forfeiture; and the government's right to use any of his statements under oath in a perjury prosecution. Fed. R. Crim. P. 11(b)(1). The district court must also inform the defendant that he may not withdraw his guilty plea once the court accepts it and imposes a sentence. Fed. R. Crim. P. 11(e). Further, the district court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Finally, the district court must ensure the defendant's plea was voluntary and did not come about as a result of force, threats, or promises. Fed. R. Crim. P. 11(b)(2).

15

As relevant to this case, Rule 11(b)(1)(D) requires specifically that "the court must inform the defendant of, and determine that the defendant understands ... (D) the right to be represented by counsel – *and if necessary have the court appoint counsel* – at trial and at every other stage of the proceeding." (emphasis added). Typically, a court complies with that subsection by asking a defendant something along the lines of "do you understand that you would have the right to the assistance of counsel for your defense – appointed by the court if necessary – at trial and every other stage of the proceeding…?" Federal Judicial Center, Benchbook for U.S. District Court Judges *§ 2.01, at 70 (6th ed. Mar. 2013).*

The district court in this case failed to properly advise Mr. Goffigan about his right to have court appointed trial counsel, thus committing error. Moreover, that error is plain, as the language of Rule 11 is clear that the court must inform a defendant of the right to court appointed counsel, if necessary. Fed. R. Crim. P. 11 (b)(1)(D). Accordingly, Mr. Goffigan has established the first two prongs of the plain error analysis.

As to the third prong of the plain error analysis, however, there is no indication that Mr. Goffigan's substantial rights were affected by the error. Although the court failed to ask Mr. Goffigan if he knew that he had the right to court appointed counsel at trial, the plea agreement listed that right as one that he gave up by pleading guilty. Docket entry 25, ¶ 4(c). Further, when the court asked

16

Mr. Goffigan if he had discussed the plea agreement with his counsel and if he understood it, Mr. Goffigan answered these questions in the affirmative. Tr.11, Line 14 – Tr. 12, Line 8, June 7, 2016.

As well, when the court asked defense counsel if she knew of any meritorious defense that Mr. Goffigan might assert to result in a judge or a jury acquitting him, counsel answered in the negative. Tr.23, Lines 5-9, June 7, 2016. Finally, Mr. Goffigan did not move to withdraw his plea on the basis that he desired court appointed counsel at trial or on any other ground.

<u>CONCLUSION</u>

Counsel presents this brief to the Court after having examined the record of the case and determining that there is no meritorious ground for appeal. Under the directive of the *Anders* case, counsel invites the Court to review *de novo* the entire record and all pertinent documents in this case to determine whether there is any other issue that is not frivolous. Counsel stands ready to brief and argue any issue so identified by the Court.

Respectfully Submitted,

_____/s/_____

Catherine M Six, Esq (VSB #38289)
*Counsel for Brian Lee Goffigan*
East Coast Trial Lawyers, PLC
381 Edwin Drive
Virginia Beach, VA 23462

17

Telephone: (757) 352-2237
Facsimile: (757) 352-2220
Email: csix@ectlawyers.com
Email: sgill@ectlawyers.com

Dated March 21, 2017

## **STATEMENT REGARDING ORAL ARGUMENT**

Counsel for appellant believes that the issue in this case is straightforward, but would like the opportunity to present oral argument if the Court determines that argument would be helpful to it decision in the case.

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This Corrected Brief of the Appellant has been prepared using Word software, Times New Roman font, 14-point proportional type size.

2.    EXCLUSIVE of the corporate disclosure statement, table of contents, table of authorities, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains no more than 13,000 words, specifically 3,779 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.


____March 21, 2017_____          ___s/Catherine M Six_____
            Date                                    Catherine M Six
                                                    Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March 2017, I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF user:

> Kevin Hudson
> Assistant United States Attorney
> United States Attorney's Office
> 101 W. Main Street, Suite 800
> Norfolk, VA 23510
> Telephone: (757) 441-6331
> Facsimile: (757) 441-6689
> kevin.hudson@usdoj.gov

I hereby further certify that on this 21st day of March, 2017, that a true and accurate copy of the foregoing document was deposited with the U.S. Postal Service, first-class postage prepaid, addressed to the following non-CM/ECF participant, addressed as follows:

> Brian Goffigan
> Register # 89898-083
> FCI Bennettsville
> Federal Correctional Institution
> P.O. Box 52020
> Bennettsville, SC 29512

> ___/s/ Catherine M Six_____
> Catherine M Six
> Attorney for Appellant