IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Appellee, | ) |
| v. | ) Criminal No. 16-4757 |
| BRIAN LEE GOFFIGAN, | ) |
| Defendant-Appellant. | ) |

## UNITED STATES MOTION TO DISMISS APPEAL AND STAY BRIEFING SCHEDULE

Because defendant Brian Lee Goffigan knowingly and intelligently entered into a plea agreement that waived his right to appeal, the United States respectfully moves to dismiss his appeal and requests that this Court stay the briefing schedule pending this Court's ruling on the motion to dismiss. As explained in more detail below, the United States did not file this motion earlier because the sole issue presented in defendant's opening brief was whether defendant knowingly and voluntarily entered his guilty plea. Dkt. No. 23, p. 2.

Defendant was originally charged in a one count indictment with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). District Court Dkt. No. 14. With the defendant's agreement, the

1

United States subsequently filed a single count criminal information charging the defendant with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).   District Court Dkt. No. 20.   The government also filed an information to establish a prior felony drug conviction, pursuant to 21 U.S.C. § 851.   District Court Dkt. No. 21.

Defendant pled guilty on June 7, 2016, to the single count set forth in the criminal information described above.   District Court Dkt. No. 25.   With the defendant's consent and the district court's referral, the plea hearing was held before a magistrate judge.   District Court Dkt. Nos. 19 and 22.   In paragraph 6 of his plea agreement, defendant waived his right to appeal his conviction and any sentence within the statutory maximum:

> The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. . . . District Court Dkt. No. 25.

The plea agreement also listed a number of rights the defendant was giving up by pleading guilty, including the right to testify and to present evidence. Both defendant and his counsel signed and initialed each page of the plea agreement and affirmed that they had read the agreement. In particular, defendant agreed that he had "read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it." District Court Dkt. No. 25.

At the plea hearing, the magistrate judge verified that the defendant had read his plea agreement in its entirety, that the defendant had a sufficient opportunity to discuss his plea agreement with his attorney and that the defendant understood his plea agreement. June 7, 2016 Plea Hearing Tr. at p. 11-12 (hereinafter "PH Tr.").

The magistrate judge also advised the defendant at the plea hearing of the maximum sentence he could receive, which included a maximum term of 30 years in prison and at least 6 years of supervised release. After reviewing the maximum penalties, the magistrate judge inquired to ensure that the defendant understood those penalties. PH Tr. at 9-10.

Defendant was also informed that he was waiving his right to appeal and accepted that waiver. The magistrate judge advised the defendant that he was

3

waiving his right to appeal the conviction and sentence imposed upon any ground whatsoever as long as the sentence is within the statutory maximum term of thirty years. The defendant indicated to the magistrate judge that he understood the appeal waiver and agreed to it. PH Tr. at 21-22.

A defendant may not defeat a carefully conducted plea hearing under Fed. R. Crim. P. 11 through mere assertion on appeal. The law is well-established that a defendant may not lightly disavow statements that he makes under oath at a Rule 11 hearing. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Indeed, statements made under oath at a Rule 11 proceeding are binding on a defendant "absent clear and convincing evidence to the contrary." *Fields v. Att'y Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge*, 431 U.S. at 74-75; *Little v. Allsbrook*, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984)). As this Court has explained, "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Summing up these cases, this Court has observed that "in the absence of

extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established. . . ." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

When the defendant filed his opening brief, the sole issue he presented for the Court's consideration was whether defendant knowingly and voluntarily entered his guilty plea. Dkt. No. 23, p. 2. Given that this was the only issue the defendant presented, the United States believed that asserting the appeal waiver at that point would be inappropriate, given that the validity of the waivers in the plea agreement are dependent upon the plea itself being valid. *United States v. Goffigan*, 691 Fed.Appx. 707, 707 (4th Cir. 2017) ("Even a valid appellate waiver does not foreclose a challenge to a plea's validity on the basis, as here, that it was not knowingly or voluntarily made. Therefore, we deny the Government's motion to dismiss the appeal."); *United States v. McCray*, 573 Fed.Appx. 247, 248 (4th Cir. 2014) ("a defendant's waiver of appellate rights cannot foreclose a colorable constitutional challenge to the voluntariness of a guilty plea…"); *United States v. Heath*, 474 Fed.Appx. 254, 255 (4th Cir. 2012) ("But even a valid waiver of appellate rights will not foreclose a colorable constitutional challenge to the voluntariness of a guilty plea"). On September 21, 2017, the Court ordered

further briefing on two issues that clearly do fall within the appeal waiver, though, which prompts the government to file this motion. Dkt. No. 28. At defendant's plea hearing, defendant made sworn statements under oath that he understood and agreed that he was giving up his right to appeal his conviction and sentence on any ground whatsoever as long as the sentence is within the statutory maximum term of thirty years. June 7, 2016 Tr. at 21-22. The two hundred month prison term that the district court imposed in this case is well within the aforementioned statutory maximum. The district court further commented that two hundred months would be the appropriate sentence in this defendant's case even in the absence of the Sentencing Guidelines. October 31, 2016 Sentencing Tr. at 45.

As this Court has held many times, a defendant may waive his statutory right to appeal if the waiver is knowingly and voluntarily made. *See, e.g., United States v. Cohen*, 459 F.3d 490, 493-94 (4th Cir. 2006); *United States v. Blick*, 408 F.3d 162, 167-73 (4th Cir. 2005).

Because defendant knowingly and voluntarily waived his right to appeal, the United States respectfully requests that this Court dismiss defendant's appeal. The United States also requests that this Court stay the briefing schedule until the Court rules on the motion to dismiss.

## CONCLUSION

For the foregoing reasons the United States respectfully requests that the Court stay the briefing schedule pending a ruling on the government's motion to dismiss and that defendant's appeal be dismissed.

        Respectfully submitted,

        DANA J. BOENTE
        UNITED STATES ATTORNEY

By:    /s/ Kevin Hudson\_
        Kevin Hudson
        Assistant United States Attorney
        Virginia State Bar No. 81420
        Attorney for the United States
        101 West Main Street, Suite 8000
        Norfolk, VA 23510
        Office Number: (757) 441-6331
        Facsimile Number: (757) 441-6689
        Email Address:   kevin.hudson@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1. This motion has been prepared using Microsoft Office software, Times New Roman font, 14-point font and complies with the typeface and type style requirements referenced in Fed. R. App. P. 27(d)(1)(E).

2. Exclusive of the parts of this document exempted by Fed. R. App. P. 27(a)(2)(B), this document contains no more than 5,200 words, specifically it contains 1,568 words.

By:    /s/ Kevin Hudson
Kevin Hudson
Assistant United States Attorney
Virginia State Bar No. 81420
Attorney for the United States
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
Email Address:  kevin.hudson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Catherine MacLean Six, Esquire
>281 Edwin Drive, Suite 100
>Virginia Beach, Virginia 23462
>Ph: (757) 352-2220
>Email: csix@ectlawyers.com

>By:    /s/ Kevin Hudson
>Kevin Hudson
>Assistant United States Attorney
>Virginia State Bar No. 81420
>Attorney for the United States
>101 West Main Street, Suite 8000
>Norfolk, VA 23510
>Office Number: (757) 441-6331
>Facsimile Number: (757) 441-6689
>Email Address: kevin.hudson@usdoj.gov