IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff/Appellee, ) | |
| ) | |
| v. ) | Record No. 16-4607 |
| ) | |
| BRIAN LEE GOFFIGAN, ) | |
|     Defendant/Appellant. ) | |

<u>RESPONSE TO UNITED STATES' MOTION TO DISMISS APPEAL
AND STAY BRIEFING SCHEDULE</u>

COMES NOW counsel for the Appellant, Brian Lee Goffigan, and responds to the United States' motion to dismiss this appeal and stay the briefing schedule. Counsel for the Appellant, as an officer of the court, had originally concluded, after a careful examination of the record and applicable case law, that no meritorious grounds existed to assert that Mr. Goffigan did not knowingly and voluntarily waive his right to appeal. See *Anders* v. California, 386 U.S. 738 (1967). Thereafter, This Court examined the record and determined that there existed a non-frivolous issue that would benefit from adversarial presentation, namely whether Mr. Goffigan was properly designated a career offender based on his prior Virginia felony conviction for common law robbery. The court has directed the parties to

1

submit supplemental briefs specifically addressing (1) whether Goffigan should have been sentenced under Amendment 798 to the U.S. Sentencing Guidelines Manual (2015), see USSG Supp. to App. C, amend. 798, or the 2016 Sentencing Guidelines; and (2) whether Virginia common law robbery constitutes a "crime of violence" under either the force clause or the enumerated clause of USSG § 4B1.2(a). Counsel for Appellant submits to the court that the United States' Motion to Dismiss should be denied as the Court has identified, on its own review of the record, including a review of the appellant's plea agreement and guilty plea, a meritorious issue deemed worthy of appellate consideration.

## Factual Background

On May 4, 2016, a federal grand jury returned an indictment against Mr. Goffigan alleging that on or about September 10, 2015, he possessed with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). J.A. 17-19. Thereafter, on June 6, 2016, as part of a plea agreement, the United States filed a single count criminal information against Mr. Goffigan which alleged that on or about September 10, 2015, he possessed with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). J.A. 23-26. Additionally, the United

States filed on June 6, 2016 a notice of intent to establish a prior drug conviction pursuant to 21 U.S.C. § 851. J.A. 27-28.

## The Plea Agreement and Plea Colloquy

On June 7, 2016, Mr. Goffigan pled guilty to the single count contained in the criminal information described above pursuant to a plea agreement. J.A. 32-42. By consent, the plea was heard before a magistrate judge. J.A. 21-22, 29. The plea agreement contained a waiver of appeal with the following standard language employed in plea agreements in the Eastern District of Virginia:

> The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the that sentence was determined) on the grounds set forth in 18 U.S.C.§ 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. …. J.A. 35.

At the plea hearing, the court established that Mr. Goffigan was 37 years old; had a sixth-grade education but was able to read and write, speak the English language and understand the Court's questions; was not

3

currently under the influence of any medication; and had not been treated for any addiction or mental illness. J.A. 51.

The court reviewed with Mr. Goffigan, the various rights he was waiving pursuant to the plea agreement. The court advised Mr. Goffigan that he had the right to plead not guilty and go to trial. J.A. 59. The court reviewed with Mr. Goffigan and confirmed he understood the penalties for the charge to which he was pleading consisted of up to thirty (30) years imprisonment, a minimum of six (6) years mandatory supervised release, a fine not to exceed $2 million, a special assessment of $100.00, and forfeiture. J.A. 55.

Further, the court advised Mr. Goffigan he was giving up his right to appeal his conviction and any sentence imposed within the statutory maximum in this case. Goffigan answered "yes" when asked if he understood the waiver. J.A. 67. The court then reviewed trial rights that Mr. Goffigan would have at a trial: that it would be a speedy, public jury trial, at which he would have assistance of counsel (the court failed, however, to advise that counsel would be appointed if Mr. Goffigan could not afford counsel). J.A. 59. Additionally, the court explained to Mr. Goffigan that he had the right to confront and cross-examine all witnesses

against him; the right not to incriminate himself; the right to testify and to present evidence at trial; that the United States bore the burden of proving his guilt beyond a reasonable doubt; the right to a jury trial and that a jury's verdict must be unanimous; that the right to compel production of evidence and to subpoena witnesses (the court failed, however, to advise that the court will pay for the costs of bringing witnesses to court if Mr. Goffigan is found indigent) J.A. 60.  The court then began to advise and discuss with Mr. Goffigan sentencing matters. Statutory sentencing factors in 18 U.S.C. § 3553(a) were described as well as information that would be put forth in the presentence report. J.A. 65-66.  The court explained to Mr. Goffigan his right to make objections and that it would resolve any objections to the report before hearing argument from counsel concerning the appropriate sentence. J.A. 74.

    At the end of the colloquy, the court found that Mr. Goffigan had made a knowing, voluntary, and intelligent decision to plead guilty to Count One of the criminal information. The court also found that the plea was supported by a statement of facts that established the elements of the offense. Accordingly, the court accepted Mr. Goffigan's plea. J.A. 73-74.

5

## The Presentence Report and Sentencing Hearing

Sentencing was heard on October 31, 2016. A presentence report was prepared. J.A. 186-215. Mr. Goffigan received a four-level career offender classification enhancement pursuant to U.S.S.G. §4B1.1. Mr. Goffigan was found to qualify for the career offender enhancement under U.S.S.G. §4B1.2 as a result of his one prior conviction for drug trafficking offenses coupled with a single prior Virginia sentencing event wherein Mr. Goffigan was convicted of robbery and abduction. As a result, Mr. Goffigan's criminal history category was increased from IV to VI. J.A. 204. Mr. Goffigan's advisory guideline range was 188 months to 235 months. J.A. 212.

Mr. Goffigan objected to the application of the career offender enhancement on grounds that neither his prior robbery conviction under Virginia Code §18.2-58 nor his abduction conviction under Virginia Code §18.2-47, both contained within a single sentencing event, qualifies as a crime of violence for purposes of the career offender enhancement under U.S.S.G. §4B1.2. The court found that Mr. Goffigan's prior Virginia robbery conviction was a crime of violence for purposes of the career offender enhancement under U.S.S.G. § 4B1.1 and accordingly overruled defendant's objection. The court ultimately issued a written memorandum opinion as to

6

its ruling. J.A. 172-183. The court specifically stated it was not addressing the issue of whether abduction, as defined under Virginia Code §18.2-47, was a crime of violence under U.S.S.G. §4.B1.1 nor was it addressing the residual clause. J.A. 182. The court imposed a sentence of 200 months, to be followed by six years of supervised release, and payment of a $100 special assessment. J.A. 216-220.

## Appeal

Counsel filed a notice of appeal on Mr. Goffigan's behalf on November 17, 2016, fourteen days after the district court entered the criminal judgment on November 3. Counsel filed the opening brief in this Court pursuant to the holding of Anders v. California, 386 U.S. 738 (1967). The sole issue raised was whether Mr. Goffigan had knowingly and voluntarily entered his guilty plea when the district court failed to ask him important questions, including if he understood that by pleading guilty, he waived his right to court appointed trial counsel if he could not afford such counsel.

## Law and Argument

This Court reviews de novo the validity of a defendant's waiver of appeal, as it is a question of law. *United States v. Manigan*, 592 F.3d 621,

626 (4th Cir. 2010); *United States v. General*, 278 F.3d 389, 399 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000). In determining whether that waiver was knowingly and intelligently made, the Court examines the particular facts and circumstances of the case and considers the totality of circumstances. *United States v. Cohen*, 459 F.3d 490, 404 (4th Cir. 2006); *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995).

The United States argues that Goffigan's knowing, intelligent and voluntary guilty plea along with the waiver provision of the plea agreement are sufficient grounds to dismiss the appeal. However, This Court fully examined the record and determined that in spite of the plea colloquy and plea agreement, there exists a non-frivolous issue that would benefit from adversarial presentation, namely whether Mr. Goffigan was properly designated a career offender based on his prior Virginia felony conviction for common law robbery. Accordingly, this case ought not be dismissed as the Court deems there is merit to Mr. Goffigan's case.

Regarding the motion for briefing schedule, Appellant's Supplemental Opening Brief is due on or before October 26, 2017 with Appellee's Supplemental Response Brief due November 16, 2017 (Docket Entry 33).

8

The Joint Appendix was filed this day October 13, 2017.

Counsel for the Appellant asks that the court deny the United States' motion to stay the briefing schedule unless the court determines briefs will not be helpful to it in deciding this case.

## Conclusion

As stated, counsel thoroughly examined the record in this case and had determined previously that there were no meritorious grounds for appeal. Under the directive of the *Anders* case, counsel invited the court to review de novo the entire record and all pertinent case documents to determine whether there was any other issue that the Court deemed non-frivolous. Counsel submits that the United States' Motion to dismiss should be overruled by the Court's very invitation that it considers there to be an issue in this case with appellant merit.

Further, the briefing schedule ought only be stayed if the Court determines briefs will not be helpful to it in deciding this case.

Respectfully Submitted,

_____/s/_____
Catherine M Six, Esq (VSB #38289)
Counsel for Brian Lee Goffigan
East Coast Trial Lawyers, PLC

9

                                  381 Edwin Drive
                                  Virginia Beach, VA 23462
                                  Telephone: (757) 352-2237
                                  Facsimile: (757) 352-2220
                                  Email: csix@ectlawyers.com

Dated October 13, 2017

# CERTIFICATE OF COMPLIANCE

1.  This Motion has been prepared using Word software, Times New Roman font, 14-point proportional type size.

2.  The body of this motion, exclusive of the case caption, title, and signature block, contains no more than 5,200 words, specifically 2283 words.

I understand that a material misrepresentation can result in the Court's striking the motion and imposing sanctions. If the Court so requests, I will provide an electronic version of the motion and/or a copy of the word or line print-out.

|  |  |
|---|---|
| <u>October 13, 2017</u> | <u> s/ Catherine M Six</u> |
| Date | Catherine M Six |
|  | Attorney for Appellant |

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October 2017, I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF user:

>Kevin Hudson
>Assistant United States Attorney
>United States Attorney's Office
>101 W. Main Street, Suite 800
>Norfolk, VA 23510
>Telephone: (757) 441-6331
>Facsimile: (757) 441-6689
>kevin.hudson@usdoj.gov

I hereby further certify that on this 13th day of October, 2017, that a true and accurate copy of the foregoing document was deposited with the U.S. Postal Service, first-class postage prepaid, addressed to the following non-CM/ECF participant, addressed as follows:

>Brian Goffigan
>Register # 89898-083
>FCI Bennettsville
>Federal Correctional Institution
>P.O. Box 52020
>Bennettsville, SC 29512

| | |
|---|---|
| <u>October 13, 2017</u><br>Date |  s/ Catherine M Six<br>Catherine M Six<br>Attorney for Appellant |