*In The*
# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

## v.

## BRIAN LEE GOFFIGAN,

*Defendant – Appellant*.

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### AT NORFOLK

### SUPPLEMENTAL BRIEF OF APPELLANT

Catherine M. Six
EAST COAST TRIAL LAWYERS, PLC
381 Edwin Drive, Suite 101
Virginia Beach, Virginia 23462
(757) 352-2237

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................... iii

STATEMENT OF JURISDICTION ..................................................................... 1

STATEMENT OF THE ISSUES .......................................................................... 1

STATEMENT OF THE CASE .............................................................................. 1

SUMMARY OF ARGUMENT ............................................................................. 4

STANDARD OF REVIEW .................................................................................. 5

ARGUMENT ....................................................................................................... 6

    I.    Mr. Goffigan should have been sentenced under Amendment 798 to the U.S. Sentencing Guidelines Manual (2015), *see* U.S.S.G. Supp. to App. C, amend. 798 (2016) ..................................... 6

        A.    The post-Amendment 798 version of the sentencing guideline in effect after August 1, 2016 applies in the instant case because Mr. Goffigan was sentenced on October 31, 2016, and the guideline does not result in a violation of the Ex Post Facto Clause after *Beckles v. United States* ........................................................................... 6

    II.    The District Court miscalculated the Sentencing Guideline range because Virginia robbery is not a crime of violence under U.S.S.G. § 4B1.2(a) ................................................................................. 8

        Standard of Review ...................................................................... 8

        A.    Virginia Robbery Is Not a Crime of Violence Under the Force Clause of U.S.S.G. § 4B1.2 ............................................. 8

        B.    Virginia Robbery Is Not a Crime of Violence Under the Enumerated Offenses Clause .................................................... 10

i

CONCLUSION ........................................................................................................18

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

**CASES**

*Beckles v. United States*,
    137 S. Ct. 886 (2017)...................................................................6, 7

*Castillo v. Holder*,
    776 F.3d 262 (4th Cir. 2015) .......................................................12

*Descamps v. United States*,
    133 S. Ct. 2276 (2013)............................................................11, 13

*Henderson v. Commonwealth*,
    No. 3017-99-1, 2000 WL 1808487 (Va. Ct. App. Dec. 12, 2000)...............15

*Henderson v. United States*,
    133 S. Ct. 1121 (2013).................................................................10

*Johnson v. United States*,
    559 U.S. 133 (2010).......................................................................7

*Jones v. Commonwealth*,
    26 Va. App. 736, 496 S.E.2d 668 (1998) ....................................15

*Mathis v. United States*,
    136 S. Ct. 2243 (2016).................................................................11

*Maxwell v. Commonwealth*,
    165 Va. 860, 183 S.E. 452 (1936) ..............................................15

*Molina-Martinez v. United States*,
    136 S. Ct. 1338 (2016).................................................................17

*Peugh v. United States*,
    133 S. Ct. 2072 (2013)...................................................................6

*Pierce v. Commonwealth*,
  205 Va. 528, 138 S.E.2d 28 (1964) ...............................................................14

*Shepard v. United States*,
  544 U.S. 13 (2005)...............................................................................................11

*Taylor v. United States*,
  495 U.S. 575 (1990)...........................................................................................11

*United States v. Bonilla*,
  687 F.3d 188 (4th Cir. 2012) .........................................................................11

*United States v. Cabrera-Umanzor*,
  728 F.3d 347 (4th Cir. 2013) ...............................................................11, 12

*United States v. De Jesus Ventura*,
  565 F.3d 870 (D.C. Cir. 2009)........................................................................11

*United States v. Diaz-Ibarra*,
  522 F.3d 343 (4th Cir. 2008) ........................................................................12

*United States v. Flores-Granados*,
  783 F.3d 487 (4th Cir. 2015) ..................................................................... 9-10

*United States v. Gardner*,
  823 F.3d 793 (4th Cir. 2016) ........................................................................12

*United States v. House*,
  825 F.3d 381 (8th Cir. 2016) ........................................................................14

*United States v. Lockley*,
  632 F.3d 1238 (11th Cir. 2011) ...............................................................14, 16

*United States v. Perez-Perez*,
  737 F.3d 950 (4th Cir. 2013) ........................................................................12

*United States v. Rangel-Castaneda*,
  709 F.3d 373 (4th Cir. 2013) ........................................................................12

*United States v. Royal*,
731 F.3d 333 (4th Cir. 2013) ...........................................................11

*United States v. Santiesteban-Hernandez*,
469 F.3d 376 (5th Cir. 2006) .................................13, 14, 16, 17

*United States v. Shell*,
789 F.3d 335 (4th Cir. 2015) ...................................................8, 13

*United States v. Torres-Miguel*,
701 F.3d 165 (4th Cir. 2012) ...........................................................12

*United States v. W.T.T.*,
800 F.2d 780 (8th Cir. 1986) ...........................................................16

*United States v. Walker*,
595 F.3d 441 (2d Cir. 2010) .................................................14, 16

*United States v. Winston*,
850 F.3d 677 (4th Cir. 2017) ...........................................*passim*

## STATUTES

18 U.S.C. § 841(c) ...........................................................................7, 8

18 U.S.C. § 3231 ...................................................................................1

18 U.S.C. § 3553(a)(4)(A)(ii) .......................................................6

18 U.S.C. § 3559(c) .........................................................................14

18 U.S.C. § 3742 ...................................................................................1

21 U.S.C. § 841(a)(1) .........................................................................1

21 U.S.C. § 841(b)(1)(C) ...................................................................1

21 U.S.C. § 851 .....................................................................................2

26 U.S.C. § 5845(a) .........................................................................7, 8

28 U.S.C. § 1291 ...................................................................................1

Model Penal Code § 222.1(1) ...............................................................16

## RULES

Fed. R. App. P. 4(b)(1)...........................................................................1

Fed. R. App. P. 4(b)(6)...........................................................................1

## GUIDELINES

U.S.S.G. § 2D1.1.................................................................................2, 8

U.S.S.G. § 2D1.1(b)(1) ...........................................................................2

U.S.S.G. § 2D1.1(b)(12) .........................................................................2

U.S.S.G. § 3B1.1(c) ................................................................................2

U.S.S.G. § 3E1.1 .....................................................................................2

U.S.S.G. § 4B1.1 .....................................................................................5

U.S.S.G. § 4B1.1(a) .............................................................................2, 3

U.S.S.G. § 4B1.1(b)(2) ...........................................................................2

U.S.S.G. § 4B1.2.............................................................................*passim*

U.S.S.G. § 4B1.2(a) .......................................................................*passim*

U.S.S.G. § 4B1.2(a)(1)........................................................................7, 9

U.S.S.G. § 4B1.2(a)(2).....................................................................*passim*

U.S.S.G. App. C, amend. 798 (2016) ...............................................*passim*

U.S.S.G. Chap. 5, part A (table) .............................................................3

## OTHER AUTHORITIES

Wayne R. Lafave,
     Substantive Criminal Law § 20.3 intro., (d)(2) (2d ed. 2003)......................13

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. That court filed and entered the judgment of conviction and sentence on November 3, 2016. (J.A. 166-171). Appellant Mr. Goffigan timely filed his notice of appeal on November 17, 2016. J.A. 184; *see* Fed. R. App. P. 4(b)(1), (b)(6). Accordingly, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES

I.      Whether Mr. Goffigan should have been sentenced under Amendment 798 to the U.S. Sentencing Guidelines Manual (2015), *see* U.S.S.G. Supp. to App. C, amend. 798, of the 2016 Sentencing Guidelines?

II.     Whether Virginia common law robbery constitutes a "crime of violence" under either the force clause or the enumerated clause of U.S.S.G. § 4B1.2(a).

## STATEMENT OF THE CASE

On June 6, 2016, as part of a plea agreement, Appellant Brian Lee Goffigan pled guilty to a single count criminal information charging him with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). J.A. 23-26**.** The date of the offense was September 10, 2015. Id. The

government also filed on June 6, 2016 a notice of intent to establish a prior drug conviction pursuant to 21 U.S.C. § 851. J.A. 27-28.

A probation officer prepared a presentence investigation report (PSR) that, among other things, calculated the advisory sentencing guideline range applicable to Mr. Goffigan. J.A. 191-192. The probation officer concluded Mr. Goffigan's base offense level to be 24 under U.S.S.G. § 2D1.1. J.A. 191. Mr. Goffigan received a 2-level enhancement for the presence of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1), a two (2) level enhancement for maintaining a premises pursuant to U.S.S.G. § 2D1.1(b)(12), and a two (2) level enhancement for the presence of a aggravated role pursuant to U.S.S.G. § 3B1.1(c), all resulting in an adjusted offense level of 30. Id.

Mr. Goffigan was then deemed a Career Offender pursuant to U.S.S.G. § 4B1.1(a) and 4B1.1(b)(2) predicated, in part, on a 2002 Virginia robbery conviction. J.A. 192 As such, Mr. Goffigan was assigned a "Chapter Four Enhancement" which resulted in an adjusted offense level of 34 pursuant to U.S.S.G. §§ 4B1.1(a) and 4B1.1(b)(2). Id.

After a 3-level reduction for acceptance of responsibility (U.S.S.G. § 3E1.1), the probation officer deemed Mr. Goffigan's final offense level to be 31. J.A. 192.

The probation officer computed Mr. Goffigan's criminal history score to be nine, which establishes a criminal history category of IV, but then assigned Mr.

Goffigan the enhanced criminal history category of VI as a result of career offender status. J.A. 204; *See* U.S.S.G. Chap. 5, part A (table).

The probation officer calculated Mr. Goffigan's advisory Guideline range to be 188-235 months with a total offense level of 31 and a criminal history category VI. J.A. 212, With a properly calculated final offense level of 27 and a criminal history category IV, the guideline range would have been 100-125 months. Id. *See* U.S.S.G. Chap. 5, part A (table).

A sentencing hearing was held on October 31, 2016. Mr. Goffigan, through counsel, objected to the designation of his prior robbery conviction as a crime of violence. J.A. 94-101, 113. The district court ruled that Virginia robbery is a crime of violence under U.S.S.G. § 4B1.2(a) and that Mr. Goffigan was properly classified as a career offender under U.S.S.G. § 4B1.1(a). J.A. 172-183 (district court observing that Goffigan argues the career offender enhancement should not apply because Defendant does not have a prior conviction for a "crime of violence," as neither his Virginia robbery conviction nor his Virginia abduction conviction satisfies the definition set out in U.S.S.G. § 4B1.2(a). Id. at 182. The district court held that the resulting guideline range was 188 to 235 months. J.A. 153; *see also* J.A. 216 (statement of reasons). The trial Court did not address the validity or application of the residual clause contained in U.S.S.G. § 4B1.2(a)(2). The district court did not address the abduction charge, either. J.A. 182.

The government requested a sentence of 220 months, within the calculated guideline range if the career offender enhancement appropriately applies. J.A. 136-137. The defense requested a sentence of 120 months, within the range before applying the career offender enhancement.  J.A. 147.

The district court sentenced Mr. Goffigan to a within-calculated-range sentence of 200 months in prison. J.A. 154, (transcript), 167 (judgment); J.A. 216 (statement of reasons).

Mr. Goffigan filed a timely notice of appeal. J.A. 184.

## SUMMARY OF ARGUMENT

Mr. Goffigan should have been sentenced under Amendment 798 to the U.S. Sentencing Guidelines Manual (2015), *see* U.S.S.G. Supp. to App. C, amend. 798 (2016).  The Sentencing Commission amended § 4B1.2, effective August 1, 2016 to remove the former residual clause and to list generic robbery as an enumerated offense. *See* U.S.S.G. app. C, amend. 798 (2016); U.S.S.G. § 4B1.2 (2016). The sentencing in this case happened on October 31, 2016. The district court erred in finding that Virginia robbery is a crime of violence and thus assigning a career offender enhancement and a criminal history enhancement to Mr. Goffigan, both of which materially and unreasonably affected his sentencing guidelines.

## STANDARD OF REVIEW

Mr. Goffigan should have been sentenced under Amendment 798 to the U.S. Sentencing Guidelines Manual (2015), *see* U.S.S.G. Supp. to App. C, amend. 798 (2016) as they were the guidelines in effect at the time he was sentenced on October 31, 2016.

Additionally, the district court erred in calculating the sentencing guideline range with Mr. Goffigan as a "career offender" pursuant to U.S.S.G. §§ 4B1.1 and 4B1.2 because Virginia robbery does not constitute a crime of violence under either the force clause or what is commonly referred to as the "enumerated clause" of § 4B1.2(a). This Court recently held that Virginia robbery is not a crime of violence under the force clause of the Armed Career Criminal Act. *United States v. Winston*, 850 F.3d 677, 679 (4th Cir. 2017). Accordingly, the district court erred when it concluded that Virginia robbery is a force clause predicate. Further, Virginia robbery is broader than generic "robbery," and thus does not qualify as a predicate under the enumerated offenses clause, U.S.S.G. § 4B1.2(a)(2) (2016). Therefore, the error harmed Mr. Goffigan because his sentencing guideline range was miscalculated, and the resulting sentence was procedurally unreasonable.

**ARGUMENT**

I.    **Mr. Goffigan should have been sentenced under Amendment 798 to the U.S. Sentencing Guidelines Manual (2015),** *see* **U.S.S.G. Supp. to App. C, amend. 798 (2016).**

      A.    <u>The post-Amendment 798 version of the sentencing guideline in effect after August 1, 2016 applies in the instant case because Mr. Goffigan was sentenced on October 31, 2016, and the guideline does not result in a violation of the Ex Post Facto Clause after</u> *<u>Beckles v. United States</u>*<u>.</u>

The courts must apply the sentencing guideline "in effect on the date the defendant is sentenced[,]"unless imposition of the new guideline would violate the Ex Post Facto Clause. *Peugh v. United States*, 133 S. Ct. 2072, 2081 (2013); 18 U.S.C. § 3553(a)(4)(A)(ii). The Ex Post Facto Clause is violated if a defendant is sentenced under a current guideline that provides a higher sentencing range than the guideline in effect at the time the defendant committed the instant federal offense. *Id.* However, after *Beckles v. United States*, 137 S. Ct. 886 (2017), no danger exists that application of the current version of U.S.S.G. § 4B1.2(a) (the guideline that was in effect at the time Mr. Goffigan was sentenced on October 31, 2016) would result in a higher sentencing range than that under the pre-August 1, 2016 version of § 4B1.2(a) (the guideline that was in effect at the time Mr. Goffigan committed his federal offense on June 6, 2016).

The pre-August 1, 2016 "crime of violence" definition under § 4B1.2(a) contained a residual clause ("otherwise involves conduct that presents potential

risk of physical injury to another") that the Supreme Court in *Beckles*, 137 S. Ct. 886, recently found was not unconstitutionally void. U.S.S.G. § 4B1.2(a)(2) (2015). However, the post-August 1, 2016 version of § 4B1.2 altogether eliminates the residual clause, and thereby, narrows the "crime of violence" definition. U.S.S.G. § 4B1.2(a). Although the new guideline adds generic robbery as a "crime of violence," as further explained below, Virginia robbery is not a generic robbery. U.S.S.G. § 4B1.2(a)(2). Therefore, the current § 4B1.2 guideline is more favorable to Mr. Goffigan and applies here.

Specifically, the current guideline provides that an offense is a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year," and it:

> (1)    has an element the use, attempted use, or threatened use of physical force again the person of another; [*known as the force clause*] or
>
> (2)    is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use of unlawful possession of firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c) [*known as the enumerated offenses clause*].

U.S.S.G. § 4B1.2(a) (August 1, 2016) (emphasis added).

For purposes of the Force clause, force means "violent force," i.e., "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

Virginia robbery is not a "crime of violence" under either clause; therefore, Mr. Goffigan is not a career offender.

## II. The District Court miscalculated the Sentencing Guideline range because Virginia robbery is not a crime of violence under U.S.S.G. § 4B1.2(a).

Mr. Goffigan was sentenced under U.S.S.G. § 2D1.1. The presentence report in this case reflected a total offense level of 31 and a criminal history category VI based on Goffigan having a prior conviction for what the probation officer deemed to be a "crime of violence," namely, Virginia robbery. Virginia robbery, however, is not a crime of violence and therefore, the guidelines were miscalculated resulting in a sentence that was procedurally unreasonable. With a properly calculated final offense level of 27 and a criminal history category IV, the guideline range would have been 100-125 months. *See supra*.

Standard of Review

A prior conviction is a "crime of violence" and is a question of law that this Court reviews *de novo*. *E.g.*, *Winston*, 850 F.3d at 683; *United States v. Shell*, 789 F.3d 335, 338 (4th Cir. 2015).

### A. Virginia Robbery Is Not a Crime of Violence Under the Force Clause of U.S.S.G. § 4B1.2.

Section 4B1.2 of the sentencing guidelines defines the term "crime of violence" for purposes of the career offender guideline. § 4B1.2(a). Section 4B1.2 provides, in pertinent part:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

    (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2)    murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (August 1, 2016).[1]

In this case, the district court ruled that Virginia robbery was a crime of violence under the force clause, § 4B1.2(a)(1). J.A. 132.

This Court recently held that Virginia robbery is not a crime of violence under the force clause of the Armed Career Criminal Act. *United States v. Winston*, 850 F.3d 677, 679 (4th Cir. 2017). As the Court has observed, "[w]e 'rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the ACCA because the two terms have been defined in a manner that is 'substantively identical.'" *United States v. Flores-*

---

[1]    As discussed, the Sentencing Commission amended § 4B1.2, effective August 1, 2016, to remove the former residual clause. *See* U.S.S.G. app. C, amend. 798 (2016); U.S.S.G. § 4B1.2 (2016). The district court did not specifically base its ruling on the force clause, noting it was not ruling on the residual clause. J.A. 182. By implication, the district court's reference to the residual clause makes it clear the court improperly applied the pre-August 1, 2016 guidelines to Mr. Goffigan's case.

*Granados*, 783 F.3d 487, 490 (4th Cir. 2015). While the definitions between the ACCA and § 4B1.2 have now diverged with respect to the enumerated offenses clause in § 4B1.2(a)(2), the force clauses remain identical and therefore force-clause holdings remain interchangeable.

After *Winston*, it is clear that the district court's ruling that Virginia robbery is a force-clause crime of violence was an error. Because "an appellate court must apply the law in effect at the time it renders its decision[,]" *Henderson v. United States*, 133 S. Ct. 1121, 1129 (2013) (quotation and citation omitted), this Court should reverse the judgment of the district court and remand for resentencing.

B.  Virginia Robbery Is Not a Crime of Violence Under the Enumerated Offenses Clause.

Although the district court appears to have relied solely on the force clause, Mr. Goffigan expects the government to argue that the district court's force clause error was harmless because robbery is now listed in the enumerated offenses clause of U.S.S.G. § 4B1.2(a)(2) (2016). Because Virginia robbery is broader than generic "robbery," Mr. Goffigan's prior conviction is not a "crime of violence" under the enumerated offenses clause of § 4B1.2, and therefore his guideline range was miscalculated regardless to which clause one looks.

Section 4B1.2(a)(2) now lists "robbery" as one of the enumerated predicate "crimes of violence." U.S.S.G. § 4B1.2(a)(2) (2016). That said, applying the definition of "crime of violence" requires analysis beyond the mere title of a prior

conviction, because there is "no uniformly accepted meaning of any of the listed crimes – a consequence of the federalism principles that have shaped criminal law in the United States." *United States v. De Jesus Ventura*, 565 F.3d 870, 874 (D.C. Cir. 2009).

In determining whether an offense qualifies as a crime of violence, courts employ the categorical approach. *E.g.*, *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2013). This requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's prior offenses, and *not* to the particular facts underlying those convictions" in determining whether the prior offense qualifies as a crime of violence. *Descamps*, 133 S. Ct. at 2283 (quotations and citation omitted) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (courts may not look to police reports in making "crime of violence" or "violent felony" determinations using the categorical approach).

As this Court has explained:

Application of this approach generally involves a four-step process. First, we identify which of the listed crimes in the Commentary to the Guideline ("the Guideline crime") most closely approximates the prior state crime. *United States v. Cabrera-Umanzor*, 728 F.3d 347, 352 (4th Cir. 2013). Second, we identify the "generic definition" of the Guideline crime. *United States v. Bonilla*, 687 F.3d 188, 192 (4th Cir. 2012). Third, we compare the elements of the prior state crime to those in the generic definition of the Guideline crime. *Id.* If the

elements of the prior state crime "correspond in substance" to those of the Guideline crime, then the prior state crime is a crime of violence and our inquiry comes to an end. *Cabrera-Umanzor*, 728 F.3d at 350 (citations and modifications omitted). If, however, the elements do not correspond in substance, then we proceed to the fourth step, which involves an assessment of whether the scope of conduct criminalized by the prior state crime is categorically overbroad when compared to the generic definition of the Guideline crime. *United States v. Rangel-Castaneda*, 709 F.3d 373, 377-79 (4th Cir. 2013) (citation omitted). A prior state offense whose elements criminalize a broader scope of conduct than the Guideline crime is *not* categorically a crime of violence.

*United States v. Perez-Perez*, 737 F.3d 950, 952-53 (4th Cir. 2013) (footnote omitted).

Under the categorical approach, a prior offense can qualify as a crime of violence only if *all* the criminal conduct covered by a statute – "'including the most innocent conduct'" – matches or is narrower than the generic crime-of-violence definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) (quoting *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008)). In other words, a court must "focus on 'the minimum conduct necessary for a violation'" of the statute. *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016) (quoting *Castillo v. Holder*, 776 F.3d 262, 267 (4th Cir. 2015)); *see also Winston*, 850 F.3d at 684 (Supreme Court precedent requires that "we must focus on the 'minimum conduct criminalized' by state law, including any conduct giving rise to a "realistic probability, not a theoretical possibility" that a state would apply the law and uphold a conviction based on such conduct.").

If the most innocent or minimum conduct penalized by a statute does not constitute a crime of violence, then the statute categorically fails to qualify as a crime of violence. *See Descamps*, 133 S. Ct. at 2281 ("The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."); *United States v. Shell*, 789 F.3d 335, 338-39 (4th Cir. 2015) (holding that North Carolina second-degree rape is not a crime of violence because it can be committed by use of actual force or by "constructive force in the form of fear, fright, or coercion").

As to whether Virginia robbery qualifies as generic robbery, other courts of appeals have concluded that generic robbery is "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006) (citing Wayne R. Lafave, Substantive Criminal Law § 20.3 intro., (d)(2) (2d ed. 2003)). The Fifth Circuit continued:

> The immediate danger element is what makes robbery "deserving of greater punishment than that provided for larceny" and extortion, *id.*, and has been implemented by the states in two main ways. The majority of states require property to be taken from a person or a person's presence by means of force or putting in fear. . . . Texas, the Model Penal Code, and ten other states differ somewhat in that they define the immediate danger in terms of bodily injury.

*Santiesteban-Hernandez*, 469 F.3d at 380 (internal citations omitted). The Second Circuit summarized: "Indeed, all fifty states define robbery, essentially, as the

taking of property from another person or from the immediate presence of another person by force *or* by intimidation." *United States v. Walker*, 595 F.3d 441, 446 (2d Cir. 2010); *see also United States v. Lockley*, 632 F.3d 1238, 1244 (11th Cir. 2011) (expressly adopting definition from *Walker*); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) ("Under § 3559(c), an offense qualifies as robbery if it contains the elements of generic robbery which is defined as aggravated larceny, or the misappropriation of property under circumstances involving immediate danger to a person."). And again, the Fifth Circuit notes that generic robbery is "the misappropriation of property under circumstances involving immediate danger to the person" – by means of force, putting in fear, or bodily injury. *Santiesteban-Hernandez*, 469 F.3d at 380.

As noted above, this Court recently examined the elements of Virginia robbery at length, concluding that it does not fall within the force clause definition of "violent felony." *Winston*, 850 F.3d at 683-85. That discussion is instructive in comparing Virginia robbery to generic "robbery" as well. "Virginia common law robbery is defined under the common law as the 'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" *Winston*, 850 F.3d at 683 (quoting *Pierce v. Commonwealth*, 205 Va. 528, 138 S.E.2d 28, 31 (1964)). This Court then

examined at some length Virginia precedent about "the meaning of the term robbery 'by violence or intimidation.'" *Winston*, 850 F.3d at 683-85.

"In addressing Virginia common law robbery by means of violence, the Supreme Court of Virginia has explained that commission of common law robbery by violence requires only a 'slight' degree of violence, 'for anything which calls out resistance is sufficient.'" *Id*. at 684-85 (quoting *Maxwell v. Commonwealth*, 165 Va. 860, 183 S.E. 452, 454 (1936)). This Court continued: "Further, under Virginia law, the 'violence used [to commit robbery by violence] does not need to be great or cause any actual harm to the victim.'" *Id*. at 685 (quoting *Henderson v. Commonwealth*, No. 3017-99-1, 2000 WL 1808487, at *3 (Va. Ct. App. Dec. 12, 2000) (unpublished) (citing *Jones v. Commonwealth*, 26 Va. App. 736, 496 S.E.2d 668, 670 (1998)) (alterations in *Winston*). This Court concluded that "[b]ecause Virginia common law robbery can be committed when a defendant uses only a 'slight' degree of force that need not harm a victim, Virginia common law robbery appears to encompass a range of de minimis contact by a defendant." *Id*. After examining the Virginia state court precedent in some detail, the Court concluded: "we hold that Winston's conviction for Virginia common law robbery does not qualify as a violent felony under the ACCA." *Id*.

Similarly, the Model Penal Code also defines "robbery" in a way that excludes a theft committed by the use of de minimis contact. Specifically, the Code

provides that "[a] person is guilty of robbery if, in the course of committing a theft, he: (a) inflicts serious bodily injury upon another; or (b) threatens another with or purposely puts put him in fear of immediate serious bodily injury; or (c) commits or threatens immediately to commit any felony of the first or second degree." Model Penal Code § 222.1(1).

In other circuits, generic robbery has been defined as follows:

> As *Lockley* explains, "we find the generic definition of robbery to be 'the taking of property from another person or from the immediate presence of another person by force or intimidation." 632 F.3d at 1244 (quoting *United States v. Walker*, 595 F.3d 441, 446 (2d Cir. 2010)). And "[t]he common law crime of robbery and the various federal statutory offenses of robbery have substantially the same essential elements." *Walker*, 595 F.3d at 444 (quoting *United States v. W.T.T.*, 800 F.2d 780, 783 (8th Cir. 1986)).

Generally speaking, generic robbery encompasses a taking by force or intimidation. As the Fifth Circuit noted, bodily injury may substitute for force/violence. *Santiesteban-Hernandez*, 469 F.3d at 380. As this Court recently held, however, Virginia robbery covers a much broader course of conduct, including de minimis contact rather than force or violence. *Winston*, 850 F.3d at 685.

Mr. Goffigan submits that this definition of generic robbery, combined with the holding of *Winston*, demonstrates that Virginia robbery is broader than generic "robbery." For substantially the same reasons that this Court held in *Winston* that Virginia robbery does not fall under the force clause, it is also not a crime of

violence because it is broader than generic "robbery." In short, because Virginia robbery encompasses de minimis contact, it does not require "circumstances involving immediate danger to the person," that is, by means of force, intimidation, or bodily injury. *Santiesteban-Hernandez*, 469 F.3d at 380. Therefore, Virginia robbery is broader than the definition of generic robbery due to its coverage of crimes involving de minimis contact, and therefore does not fall within the definition of crime of violence found in U.S.S.G. § 4B1.2(a)(2).

In concluding that Virginia robbery was a force-clause predicate crime of violence, the district court erred. That error was harmful because Virginia robbery is also not an enumerated-offenses-clause predicate crime of violence, and accordingly, the district court miscalculated Mr. Goffigan's guideline range. That error harmed Mr. Goffigan and renders his sentence procedurally unreasonable, as the correct range should have been 100 to 125 months. As the Supreme Court recently clarified: "When a defendant is sentenced under an incorrect Guidelines range – whether or not the defendant's ultimate sentence falls within the correct range – the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). That is true in this case, and for the same reasons this Court should vacate the procedurally unreasonable sentence and remand for resentencing.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court must vacate the sentence and remand for a new sentencing.

Respectfully Submitted,

/s/ Catherine M. Six
Catherine M. Six, Esq
Counsel for Brian Lee Goffigan
EAST COAST TRIAL LAWYERS, PLC
381 Edwin Drive
Virginia Beach, Virginia 23462
Telephone: (757) 352-2237
Facsimile: (757) 352-2220
Email: csix@ectlawyers.com

# CERTIFICATE OF COMPLIANCE

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

 [ X ] this brief contains [*4,109*] words.

 [ ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief document complies with the typeface and type style requirements because:

 [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2016*] in [*14pt Times New Roman*]; *or*

 [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>October 26, 2017</u>   <u>/s/ Catherine M. Six</u>
            *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 26th day of October, 2017, I caused this Supplemental Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Kevin P. Hudson
OFFICE OF THE U.S. ATTORNEY
101 West Main Street, Suite 8000
Newport News, Virginia 23510
(757) 441-6331

*Counsel for Appellee*

/s/ Catherine M. Six
*Counsel for Appellant*